Argued April 3, affirmed April 29, 1964

ESSON ET AL v. FLICKINGER ET AL

391 P. 2d 769

*Thomas E. Schulz,* Salem, argued the cause and filed a brief for appellants.

*Cleveland C. Cory,* Portland, argued the cause for respondent Robert Campbell. With him on the brief were Don H. Marmaduke and Robert L. Ridgley, Portland.

Before PERRY, Presiding Justice, and SLOAN, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

This is an action by trustees of a missing person, Ruth Skaggs, for damages for personal injuries allegedly inflicted upon her in a traffic accident. Defendants demurred upon three grounds: plaintiffs have no legal capacity to sue, there is a defect in parties plaintiff, and the complaint does not state a cause of action. The trial court sustained the demurrer with leave to Ruth Skaggs to substitute herself as party plaintiff. No substitution having been made, the trial court dismissed the action. The plaintiff trustees appeal.

Oregon statutes provide that, if a person owning or possessing real or personal property is missing for 90 days or more, a relative or friend can petition the probate court and allege that the person is missing and that his property requires supervision. If the court finds the allegations correct, it shall appoint a trustee to manage such property. ORS 127.010–127.190. The trustee's powers are set forth in ORS 127.060.[1] That statute does not expressly grant the

---

[1] "The trustee shall take possession of the property within this state of the missing person and shall collect and receive the rents, income and profits thereof and collect all debts, dues and credits owned by the missing person, and pay the expenses thereof out of the trust funds; pay all indebtedness of the missing person if and when authorized by the court; operate the property of the missing person if operation thereof is advisable, and pay all expenses of such operation; sell all or any portion of the property of the missing person, when authorized by the court, in the manner provided in ORS 127.090 to 127.130, and may mortgage and hypothecate the real and personal property of the missing person when duly authorized so to do by the court. The court may direct the trustee to pay to the person or persons constituting the dependent members of the family of the missing person such sum or sums of money for family expenses and support from the income of the estate, or from the proceeds of the sale or hypothecation of the property of the estate, as it may from time to time determine."

trustee the power to bring an action for injuries to the missing person. Plaintiff trustees contend that the implied power should be inferred because of the wording of the statute and the exigencies of the situation.

Plaintiffs contend that the power conferred upon the trustee by the statute—to "collect all debts, dues and credits owned by the missing person"—is broad enough to authorize the bringing of this suit. This is a broad phrase; however, "debt" is generally associated with an obligation owed upon a contract. *Whiteaker v. Haley*, 2 Or 128, 129 (1865). The guardianship statute, which in some respects is analogous to the missing person statute, fortifies the conclusion that "debt" in the missing person statute refers to contractual obligations. The guardianship statute, ORS 126.270, authorizes guardians of wards' estates to "receive all debts and other choses in action * * * ."

Plaintiffs contend that a trustee for a missing person is comparable to a guardian or conservator and that such representatives can bring an action for injuries to their ward and, therefore, that we should infer, from the language of the statute conferring powers upon the trustee, the power to bring this action. There is some similarity between the purpose of a guardianship and that of a trustee for a missing person. However, there is a definite dissimilarity in regard to a personal injury action.

If a ward under guardianship is injured, the ward, not the guardian, has a claim against the alleged tortfeasor. And if an action is brought, the ward is a party to that action. It is not a cause of action by the guardian with the benefits to accrue to the ward. "Although an infant is capable of suing

or being sued, his incapacity requires that he be protected and to that end the statute requires that the infant litigant should be properly represented by some one who may adequately enforce or protect his rights." *Benson v. Birch,* 139 Or 459, 461, 10 P2d 1050 (1932). The statute specifically empowers guardians to represent wards in legal proceedings. ORS 126.275.

The missing person is not a party in this action and, if missing at the time of the commencement of the action, cannot be a party. Plaintiffs are, in effect, seeking to have us construe the statute so as to create a new cause of action in the trustees for the benefit of the estate of the missing person. We do not so construe the statute.

If the missing person appears more than two years after her injuries were incurred, and if she is under no disability tolling the statute of limitations during this period, she will be barred by the statute of limitations from bringing her cause of action. However, this area of missing persons is one in which the legislature has enacted comprehensive legislation, and the hardships created by its failure to provide relief from the statute of limitations is a matter for legislative action, not judicial. From the defendant's viewpoint, when a lawsuit is filed years after the cause of action accrues, the prejudice is equally great whether the claimant was present and dilatory or was missing.

Affirmed.